IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Nakia Dyshane Horne, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 4:19-cv-02546-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| M. Travis Bragg, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Nakia Dyshane Horne ("Petitioner"), who was a federal prisoner at the time of filing this *pro se* Petition, seeks relief under 28 U.S.C. § 2241. (ECF No. 1). Petitioner filed this Petition for Writ of Habeas Corpus on September 10, 2019. *Id*. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On November 20, 2019, Respondent filed a Motion to Dismiss. (ECF No. 15). The magistrate judge subsequently issued an order on November 21, 2019, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of Respondent's motion and the possible consequences if Petitioner failed to adequately respond. (ECF No. 16). Despite the warning in the *Roseboro* order, Petitioner filed no response to the motion to dismiss. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to comply with court orders. (ECF No. 19 at 2, 4). In the alternative, the Report recommends that Respondent's Motion to Dismiss be granted and the Petition dismissed as moot. *Id*. at 3–4. In the Report, the magistrate judge set forth the relevant facts and legal standards, which are incorporated herein by reference. *See id*. Petitioner was advised of his right

1

to file objections to the Report. (ECF No. 19-1). However, Petitioner has not filed any objections and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See United States v. Schronce*, 727 F.2d 91, 92–94 (4th Cir. 1984).

Having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 19), and incorporates it herein. Accordingly, the court finds that the Petition is subject to dismissal for failure to prosecute and to comply with court orders under Federal Rule of Civil Procedure 41(b). Additionally, the court finds that this Petition is now moot and further subject to dismissal, because Petitioner has been released from custody. Accordingly, the Respondent's Motion to Dismiss (ECF No. 15) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED as moot.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 27, 2020